## LOVETT *v.* DIMOND, RACEY, &c.

Where a bond and mortgage are unimpeached by the parties to it, an after-purchaser of the premises (covered by the latter) cannot affect their amount on the ground that the mortgagee has sold and assigned them at a less amount than is secured by them.

A note given for interest is not payment.

An assignor of a mortgage taking, from after purchasers who buy subject to the mortgage, an additional security and amount for forbearance, will not, thereby, invalidate the original security for usury ; but, on foreclosure, he will have to give credit for such addition.

*July* 30,
1839.

*Mortga-
gor and
Mortga-
gee.
Assign-
ment.
Assignor.
Usury.*

FORECLOSURE. Bill filed by the complainant, George Lovett, as assignor of a mortgage of real estate, for ten thousand dollars, made to secure part of purchase money. The property was bought by the defendant, Elizabeth Racey, as trustee for a Mrs. Curtis, subject to the mortgage. It will be gathered, by the opinion of the court, that George Lovett purchased the mortgage at an under price ; and that, thereafter, something was received by him for forbearance. The question was, as to the effect of these things upon the validity of the security.

Mr. *Peter A. Cowdrey*, for the complainant.

Mr. *T. R. Lee*, for Mrs. Racey and Mrs. Curtis.

THE VICE-CHANCELLOR :—The defendant, Mrs. Curtis, for whom Mrs. Racey holds the title of the mortgaged premises as trustee, purchased the same in September, one thousand eight hundred and thirty-five, subject to the incum-

brance of the mortgage for ten thousand dollars, which was then a valid and subsisting incumbrance to that amount. In October, one thousand eight hundred and thirty-six, the complainant purchased the bond and mortgage of Daniel B. Talmadge, and took an assignment of them. No matter what the complainant paid: his title is not disputed by any body who had an interest in the bond and mortgage; and there could be no usury in the transaction to affect the original validity of the securities on which these defendants can have any right to set up. It is immaterial to them for how much less than the face of the bond and mortgage the complainants bought them up. As to the defendants, the bond and mortgage stand good for the amount due when they purchased, except so far as payments have been made since by or on behalf of these defendants. There must be a reference to a master to compute the amount due; and in making the computation, the defendants will be entitled to a credit of three hundred dollars, on account of the interest for which James L. Curtis's promissory note was given, unless the complainant produces and surrenders the note and shows that it has never been paid. If paid in part, so much is to be credited on the surrender of the note for the residue.

In June, one thousand eight hundred and thirty-seven, on granting a forbearance of payment, the complainant had no right to stipulate for fourteen *per cent.* interest; and all that he could exact, if he thought proper to extend the time for payment, would have been to advance the rate of interest from six to seven per cent. from that time. If the master shall find that it was within the scope of the defendant's agreement to pay seven per cent. from that time, he may charge the interest at seven per cent. after that period; and the defendants will be entitled to a credit of the fourteen hundred dollars for which Curtis's note and the collateral security of a mortgage was given, as so much paid for interest money, unless it appears that such amount has not been realized by the complainant and he shall think proper to surrender the note and the security which accompanied

1839.

LOVETT
v.
DIMOND.

it. On the coming in and confirmation of the master's report, he may proceed and sell.(*a*)

(*a*) In an after case of foreclosure, (12th November, 1839, *Same complainant against Hall and others*,) a mortgage had been given to secure a note; and the principle in the text was again carried out.

THE VICE-CHANCELLOR:—The usury alleged in the answer can have no influence upon the note of two thousand and thirty-five dollars and sixty cents, which the assignment of the mortgage was intended to secure. Although this note was included in the settlement of the sixteenth day of January, one thousand eight hundred and thirty-nine, when the usurious extortion for forbearance was demanded and taken by the complainant, yet he was permitted to hold the original note and the securities upon which he now proceeds; and I suppose this court cannot interfere with his right to impose payment of that note out of the mortgaged premises. The complainant demands nothing more by his bill in this cause. There must be a reference to a master to compute the amount due on the note of two thousand and thirty-five dollars and sixty cents; and in making the computation, the master must allow the defendant Hall a credit for all monies paid either for principal or interest, or for forbearance, which may appear to be fairly applicable to this note. The cause must be set down for hearing on the master's report; and all further directions are reserved.